IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| Sharon Thomas, ) | CASE NO. 1:09 CV 2019 |
| ) | |
| Plaintiff, ) | JUDGE DONALD C. NUGENT |
| ) | |
| v. ) | |
| ) | |
| AT & T Services, Inc., et al., ) | MEMORANDUM OPINION |
| ) | |
| ) | |
| Defendant . ) | |

This matter is before the Court on Plaintiff's Motion to Remand and For Costs and Attorneys' Fees. (ECF #8). For the reasons that follow, Plaintiff's Motion to is granted in part and denied in part.

## PROCEDURAL BACKGROUND

Plaintiff Sharon Thomas filed this action against Defendants AT&T Services, Inc., SBC Global Services, Inc., AT&T Global Services, Melvyn Jones ("Jones") and Shaphane Crocheron ("Crocheron") (collectively "Defendants") in the Court of Common Pleas for Cuyahoga County, Ohio alleging claims of race discrimination, gender discrimination and retaliation under Ohio Revised Code § 4112 and Ohio common law. Defendants removed the action to this Court alleging that this Court has jurisdiction under 28 U.S.C. §1332 based upon diversity of citizenship once the citizenship of Defendants Jones and Crocheron is disregarded. Defendants argue that Plaintiff fraudulently joined Jones and Crocheron in order to defeat federal

jurisdiction. Plaintiff disagrees and has sought remand of this action to state court.

## STANDARD OF REVIEW

A defendant seeking to remove an action from state court has the burden of demonstrating that the federal court has subject matter jurisdiction. *See Danca v. Private helath Care Systems, Inc.*, 185 F.3d 1,4 (1st Cir. 1999). Moreover, courts strictly construe the removal statutes and all doubts are construed against removal. *Shamrock Oil & Gas Corp. v. Sheets*, 313 U.S. 100, 108-109, 61 S. Ct. 868, 872, 85 L.Ed. 1214 (1941), *Keller v. Honeywell Protective Services*, 742 F. Supp. 425, 426 (N. D. Ohio 1990). Strict construction of the removal statutes is necessary because removal jurisdiction encroaches on a state court's jurisdiction. Thus, the Sixth Circuit has stated:

> in the interest of comity and federalism, federal jurisdiction should be exercised only when it is clearly established, and any ambiguity regarding the scope of §1446(b) should be resolved in favor of remand to the state courts.

*Brierly, v. Alusuisse Flexible Packaging, Inc.*, 184 F.3d 527, 534 (6th Cir.1999).

## DISCUSSION

In order for this Court to have diversity jurisdiction over this action pursuant to 28 U.S.C. §1332(a)(1), the matter in controversy must exceed the sum or value of $75,000 and be between citizens of different states. Moreover, the plaintiff's citizenship must be diverse from that of each named defendant. *Caterpillar, Inc. v. Lewis*, 519 U.S. 61, 68 (1996). As plaintiff Sharon Thomas and Defendants Melvyn Jones and Shaphane Crocheron are all citizens of Ohio, diversity jurisdiction does not exist unless the citizenship of the individual defendants is disregarded. Defendants assert that Mr. Jones and Ms. Crocheron were fraudulently joined in

2

this action by Plaintiff in order to defeat diversity jurisdiction.

The burden is on the Defendants to show fraudulent joinder, and, as with any dispute over removal, all doubts are to be resolved against removal. *Alexander v. Elec. Data Sys. Corp.*, 13 F.3d 940, 949 (6th Cir. 1994). To prove fraudulent joinder, the removing party must present sufficient evidence that a plaintiff could not have established a cause of action against non-diverse defendants under state law. The Sixth Circuit has instructed trial courts to analyze claims of fraudulent joinder as follows:

> [T]he removing party must present sufficient evidence that a plaintiff could not have established a cause of action against non-diverse defendants under state law. However, if there is a colorable basis for predicting that plaintiff may recover against non-diverse defendants, this Court must remand the action to state court. The district court must resolve all disputed questions of fact in favor of the non-removing party. All doubts as to the propriety of removal are resolved in favor of remand.

*Coyne v. American Tobacco Co.*, 183 F.3d 488, 493 (6th Cir. 1999).

In this case Defendants allege fraudulent joinder on two bases: first, that Plaintiff failed to state a claim against Jones or Crocheron because she did not allege that either of them were responsible for or engaged in the alleged adverse employments actions forming the basis of her discrimination and retaliation claims; and second, that neither Jones nor Crocheron was a decision maker with respect to the adverse actions and cannot therefore be held individually liable as a supervisor who meets the definition of "employer" under Rev. Code § 4112.

In her Complaint Plaintiff alleges that Defendant Jones is a Senior Technical Team Lead at AT&T's Brecksville, Ohio location and was at times relevant to the Complaint, Plaintiff's supervisor and/or superior. Further, Plaintiff alleges that Jones was at times relevant to the

3

Complaint, acting in the course and scope of his employment as an employee, agent, and/or other representative of Defendant AT&T. (Complaint, ¶3) Plaintiff alleges that Defendant Crocheron is a Senior Technical Team Lead at AT&T's Brecksville, Ohio location, and was, at times relevant to the Complaint, Plaintiff's supervisor and/or superior who was acting in the course of her employment as an employee, agent, and/or other representative of AT&T. (Complaint, ¶4)

The only other specific factual references to Jones in the Complaint were the paragraphs alleging that AT&T promoted Jones, an equally or less qualified Caucasion male, to the position of Senior Technical Team Lead Level 2, without considering or interviewing Plaintiff for the position and that in February of 2007, Jones was designated as Plaintiff's supervisor. (Complaint, ¶¶21-22) The only other specific factual reference to Crocheron in the Complaint is the allegation that in February of 2008, when Ms. Crocheron took a leave of absence, LaFaver designated Level 1 employee, Nina Browning, as a Level 2 Senior Technical Team Lead, instead of Plaintiff. (Complaint, ¶43)

Plaintiff further alleged in paragraphs 70 and 73 of the Complaint that Defendants (which would include Jones and Crocheron) discriminated against Plaintiff on the basis of her race and referenced paragraphs 18-26, 29, 31, 34,35, 39, 41-43, 47, 49-51, 53, 55-57 of the Complaint. In paragraphs 81 and 82 Plaintiff stated that Defendants (which would include Jones and Crocheron) were aware of Plaintiff engaging in protected activities, and as a result of Plaintiff engaging in protected activities, Defendants subjected her to retaliatory adverse employment, including but not limited to the actions set out in paragraphs 12, 13, 15, 17-26, 29, 31, 33-35, 38, 39, 41-43, 47, 50, 51, 53, 55-57.

Defendants have submitted the affidavits of Mr. Jones, Ms. Crocheron and Ms. LeFaver

4

in support of their claim that there is no colorable claim against Jones and Crocheron and that they could not be liable as a supervisor under Ohio law. Plaintiff has responded with her own affidavit. From these materials, it is clear that most of the other AT&T employees mentioned in the Complaint, and certainly all of the other supervisory employees, except Jones and Crocheron, work outside of Ohio and, more specifically, do not work in the Brecksville, Ohio office with Plaintiff, Jones and Crocheron. Plaintiff argues that at points during the relevant time frames in the Complaint either Mr. Jones or Ms. Crocheron was her supervisor at the Brecksville location and knew about or participated in the alleged discriminatory actions taken against her by AT&T and its agents and employees.

The Sixth Circuit has determined that courts may make factual determinations in the context of a 12(b)(1) challenge to subject matter jurisdiction. *RMI Titanium Co. v. Westinghouse Elec. Corp.*, 78 F.3d 1125, 1135 (6th Cir.1996)  Other courts have interpreted this to allow courts to make the same kind of factual determinations in order to resolve allegations of fraudulent joinder. *In re Welding Rod Products Liability Litigation*, 2004 WL 1179454 (N.D. Ohio 2004). However, the plaintiff's *motive* in joining a non-diverse defendant "is immaterial to [the] determination regarding fraudulent joinder." *Jerome-Duncan Ind. v. Auto-By-Tel, L.L.C.*, 176 F.3d 904, 907 (6th Cir. 1999); *see also Harris v. Great Lakes Steel Corp.*, 752 F.Supp. 244, 246 n. 4 (E.D.Mich.1990) ("[t]he proper inquiry is whether there is any reasonable basis for asserting a claim against a defendant, not whether the plaintiff's motive in joining a defendant is to destroy diversity"). Similarly, whether the plaintiffs will ultimately recover against the removing defendants is also immaterial.

Thus, the test for fraudulent joinder is *not* whether this Court believes the Plaintiff will

5

actually succeed in court and ultimately prevail against the non-diverse Defendants on the merits of her claims. Rather, the test is whether the Plaintiff has stated a colorable cause of action against the non-diverse defendants. In light of the arguments and evidence adduced by the Plaintiff in her remand briefs, and when interpreting the alleged facts in the light most favorable to Plaintiff, the claims against the Mr. Jones and Ms. Crocheron are not so baseless or insufficiently grounded as to be devoid of color. Having met this evidentiary threshold, and in accordance with the well settled law that the removal statutes are to be construed narrowly and all uncertainties as to removal jurisdiction are to be resolved in the favor of remand, the Plaintiff's Motion to Remand must be granted.

Plaintiff's Motion to Remand also includes a request for an award of attorney's fees and costs incurred in the filing of the motion. 28 U.S.C. § 1447(c) permits such an award, providing in part:

> An order remanding the case may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal.

However, the Supreme Court has held that, "absent unusual circumstances, attorney's fees should not be awarded when the removing party has an objectively reasonable basis for removal." *Martin v. Franklin Capital Corp.*, 546 U.S. 132, 136 (2005). Similarly, the Sixth Circuit has held that an award of attorney's fees and costs under §1447 is inappropriate if the defendant's attempt to remove the action was "fairly supportable" or if there was no finding of some fault with the defendant's decision to remove. *Chase Manhattan Mortg. Corp. v. Smith*, 507 F.3d 910, 913 (6th Cir. 2007) citing

*Bartholomew v. Town of Collierville*, 409 F.3d 684, 687 (6th Cir. 2005).

In this case, the Court finds that, despite the lack of complete diversity on the face of the Complaint, Defendants had an "objectively reasonable basis for removal" as the claims asserted by Plaintiff against the non-diverse Defendants just barely meet the required evidentiary threshold to require remand. Accordingly, Plaintiff's request for costs, including attorney's fees is denied.

## CONCLUSION

For the reasons set forth above, Plaintiff's Motion to Remand and for Costs and Attorneys' Fees (ECF #8) is granted as to the Motion to Remand and denied as to her request for costs and attorney's fees.

IT IS SO ORDERED.

*/s/ Donald C. Nugent*
JUDGE DONALD C. NUGENT

DATED: *December 4, 2009*